ALTO ADAMS v. W. R. LOTT, Clerk Circuit Court, St. Lucie County, etc.

150 So. 596.

Division A.

Opinion Filed October 28, 1933.

*Alto Adams,* for Appellant;

*F. L. Hemmings,* for Appellee.

PER CURIAM.—The County Commissioners of St. Lucie County adopted the following as a portion of the county budget for the fiscal year ending October 1, 1933:

*"Estimated Expenses Road and Bridge Fund*
*for Fiscal Year Ending 1933*

| | | |
|---|---|---:|
| 1 | Salaries Road Superintendents and Overseers | $1,800 |
| 2 | County Commissioners for Road Inspection | 500 |
| 3 | Maintenance & Repair Bridges, Material | 1,000 |
| 4 | " " " " Labor | 2,000 |
| 5 | Maintenance & Repair Roads, Material | 1,000 |
| 6 | " " " " Labor | 2,000 |
| 7 | Gas & oil | 1,000 |
| 8 | Tools & Machinery, cost & repair | 500 |
| 9 | Freight & express | 150 |
| 10 | Bridge Tender | 900 |
| 11 | General Overhead Expense | 700 |
| 12 | Engineering Services | 500 |
| 13 | Reserved for Contingencies | 453.33 |
| | | $12,503.33" |

Under authority of the appropriation contained in the item: "General Overhead Expenses, $700.00," the County Commissioners of St. Lucie County passed a resolution that the Board send representatives to the State Road Department meeting to be held at the State capital on January 25, 1933, at a cost not to exceed $125.00, with reference to projects pertaining to St. Lucie County, to be urged for inclusion in the State Road Department's budget for the next ensuing year.

Appellant, a resident tax payer of the county, sought to enjoin the expenditure of any money under the resolution and budget appropriation aforesaid, on the ground that the payment of expenses of county commissioners in the performance of official missions outside the territorial limits of the county, is unauthorized, and the payment of any such expenses would be contrary to law. The court below decided the case on bill and answer by dismissing the bill and denying the injunction. Complainant has appealed, assigning the trial court's ruling as error.

The pleadings show that the purpose of the trip called for in the resolution was to petition the State Road Department to take over the causeway bridge crossing the Indian River at Fort Pierce, which bridge was owned and maintained by St. Lucie County, the object being to relieve the County of St. Lucie of many thousands of dollars annual expenses required to continue the operation of the bridge as a county project. Another purpose of the trip was to have the State Road Department take over the construction and maintenance of certain roads in the county, the burden of which was on the St. Lucie county authorities.

The chairman and two other members of the county board made the trip and were in Tallahassee performing their

mission as representatives of the county, on the day this suit was filed.

Was the expense of the trip to the State capital for the purpose of executing a mission for St. Lucie County's direct benefit, a lawful charge to be paid by the county commissioners out of their budget appropriation of $700.00 for general overhead expenses? A majority of the Court are of the opinion that it is, for the reasons hereinafter set forth.

The county budget law under which the appropriation of $700.00 for general overhead expenses was made, authorizes the county commissioners to include in their budgets *expenditures contemplated* for the next fiscal year, for county purposes. These authorized appropriations for *contemplated* expenditures embrace estimates of necessary and ordinary expenses and estimates for special and extraordinary expenses. The *adoption* of such estimates gives the same "the force and effect of fixed appropriations." See Section 2306, C. G. L., 1528 R. G. S. Consequently when the County Commissioners of St. Lucie County adopted their budget containing the item, "General Overhead Expenses, $700.00," that item, *under express authority of law,* became from that time forward a "fixed" appropriation of that sum of money for "general overhead expenses" of the board of county commissioners in executing any lawful county purpose or function. It may be likened in this respect to legislative appropriations made by the Legislature for general legislative expenses. And such county appropriations, when made by county commissioners under direct authority of a statute authorizing them, are as valid for county purposes as similar appropriations when made by the Legislature are valid for State purposes.

If, then, the county appropriation made in the county budget for "General Overhead Expenses, $700.00," was a

valid county appropriation, as we have demonstrated that it was under the county budget law, can it be said that the Chancellor should have enjoined the *payment* of the expense bill incurred by the committee of the county board, when it appears that such expense bill was incurred pursuant to a resolution of the board of county commissioners directing the expense to be incurred by the committee for making an official trip to Tallahassee to attend the meeting of the State Road Department with reference to matters of county interest? A majority of the Court are of the opinion that in the absence of charges and proof of facts tending to show fraud or abuse committed by the board or its committee under the guise of incurring an ostensibly authorized expenditure for a county purpose, that the injunction was properly denied.

The statutes of this State recognize an inter-relationship between the roads and bridges of the State and those of the several counties. Section 1644, C. G. L., Section 1, Chapter 10118, Acts of 1925, in terms contemplates that in January of each year the State Road Department shall hold a meeting for the purpose of deciding what shall be embraced in its own budget for State roads, State aid roads, road maintenance, and the like. That statute provides for a public hearing and for "complaints" and for "suggestions" with respect to the State Road Department budget.

If, therefore, the Board of County Commissioners of St. Lucie County officially determined that, in the interest of that county, a "suggestion" should be made to the State Road Department, as provided for in Section 1644, C. G. L., *supra,* we find no legal impediment to the use by the board of part of its appropriation for "General Overhead Expenses, $700.00" for paying the expenses to Tallahassee of those of its members whom the board had selected to make

the trip to the Tallahassee meeting to insure the presentation there of the "suggestion" it had determined ought to be made for the benefit of St. Lucie County.

If excessive and unreasonable sums are in an annual county budget appropriated, or the appropriation when made is thereafter fraudulently used by the county commissioners for traveling expenses for attending official meetings at the State capital, or elsewhere, the remedy of a tax payer to enjoin such an *abuse* of power by appropriate proceedings is recognized as an available means of circumventing the *abuse*. But in all cases of alleged *abuse,* the *abuse* complained of must be plainly charged, and must be clearly supported by averments from which the *abuse* of power can be legitimately inferred, before injunctive interference at the suit of a resident tax payer is authorized.

Upon the basis of what has been said in this opinion, the final decree dismissing the bill should be affirmed and it is so ordered.

Affirmed.

Davis, C. J., and Whitfield, Ellis, Terrell, Brown and Buford, J. J., concur.